OF

# NORTH CAROLINA

AT

# RALEIGH

---

## FALL TERM, 1921

---

JESSE ARMSTRONG v. C. T. SPRUILL ET AL.

(Filed 14 September, 1921.)

1. **Waters— Surface Waters— Drainage—Canals—Prescriptive Rights— Damages.**

    Where the users of a canal by prescriptive right enlarge the same, and thereby place water upon the lower proprietor to his damage, they are liable therefor, and, upon conflicting evidence, the issue should be submitted to the jury.

2. **Waters—Surface Waters—Enlargement of Canal—Costs—Statutes.**

    The method by which the users of a canal by prescriptive right may enlarge or deepen it with an apportionment of the costs, is provided by our statute, C. S., 5274.

APPEAL by plaintiff from *Allen, J.,* at April Term, 1921, of TYRRELL.

*W. L. Whitley and Meekins & McMullan for plaintiff.*
*T. H. Woodley and Aydlett & Simpson for defendants.*

CLARK, C. J. It appears by the uncontradicted testimony that more than 60 years ago the canal was cut which drained the lands now owned by plaintiff and defendants and all other parties along its line; that they all drained into this canal and helped maintain it until 1915.

The plaintiff alleges that the defendants, finding the old canal, to use which they have shown a prescriptive right, had become insufficient, enlarged the same and placed water upon plaintiff to his damage. If the defendants, upper proprietors, desire to enlarge the canal, their remedy was under C. S., 5260 *et seq.* Under C. S., 5274, they could, in a proper proceeding, have had said canal enlarged or deepened with a

just apportionment of the costs. Instead of pursuing this remedy, there is evidence that the defendants enlarged the canal according to their own views, and increased the flow of water upon the land of plaintiff, he being the lower proprietor.

There is a clear conflict of evidence as to whether, as a matter of fact, the enlargement of the canal by the defendant has caused damage to the plaintiff.

The case, therefore, should have been submitted to the jury upon the evidence, and the judgment of nonsuit is

Reversed.